# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2022

Lyle W. Cayce
Clerk

No. 21-60750
Summary Calendar

Jose Luis Everastico Sotelo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 425 188

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

Jose Luis Everastico Sotelo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen. He asserts his motion, based on ineffective assistance of counsel (IAC), was improperly denied. Sotelo concedes he failed to fulfill all the

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60750

requirements for an IAC claim by not submitting a copy of a disciplinary complaint. He maintains, however, that he did not have enough time because of the need to submit his motion before its deadline and should, therefore, be excused.

It goes without saying that the denial of a motion to reopen is reviewed under the "highly deferential abuse of discretion standard". *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). This standard requires a ruling to be upheld, even if our court concludes it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (citation omitted).

The BIA's decision was not arbitrary or capricious as the record reflects Sotelo had over two years to submit all the required documents for his IAC claim to be considered but did not do so.

DENIED.